UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


RAUL OLIVERA HERRERA,

    *Petitioner,*

v.                                                                      Case No.: 3:26-cv-439-JEP-PDB

DEPARTMENT OF HOMELAND
SECURITY, et al.,

    *Respondents.*
_____/

## <u>ORDER</u>

Petitioner, an immigration detainee at the Baker Correctional Institute, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) on March 2, 2026. He alleges that he was ordered removed in 1991; and ICE recently detained him on December 4, 2025. (Doc. 1 at 4). Petitioner argues that his "continued detention without an individualized bond hearing has become unreasonably prolonged." (*Id.* at 6). He asks the Court to direct the government to provide him with a bond hearing, or alternatively, order his release. (*Id.* at 7).

Following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021) ("§ 1231 explains what to do if the alien is ordered removed."); *see also Deshati*

*v. Noem*, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025)[1]

("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Pursuant to section 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).

The Supreme Court in *Zadvydas* held that indefinite detention of aliens after a final order of removal raises serious constitutional concerns. 533 U.S. at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal.*" *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day

---

[1] Although district court orders are non-precedential, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is "a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas* claims asserted prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052; *see also Ramos Alvarez v. U.S. Immigr. & Customs Enf't*, No. 3:25-cv-1038, 2025 WL 2591830, at *1 (M.D. Fla. Sept. 8, 2025).

Because Petitioner has a final order of removal and his detention is governed by § 1231, the Court construes his petition as raising a *Zadvydas* claim. Petitioner filed this case on March 2, 2026, which is approximately eighty-eight days (two months and 26 days) since the start of his current

detention on December 4, 2025.[2] Therefore, Petitioner's *Zadvydas* claim is not ripe and will be dismissed without prejudice.[3]

Accordingly, it is **ORDERED**:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk is **DIRECTED** to terminate any motions, enter judgment dismissing the petition without prejudice, and close the file.

3. The Clerk shall send Petitioner a blank § 2241 habeas petition form.

**DONE AND ORDERED** in Jacksonville, Florida on March 25, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Raul Olivera Herrera

---

[2] Petitioner does not allege that he was previously detained in ICE custody following his order of removal.

[3] Because the *Zadvydas* claim is not ripe, this Court need not inquire at this time into whether there is a significant likelihood of removal in the reasonably foreseeable future.

4